IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SHAWNEE MATHIS, Mother and Legal Guardian of the Minor Child JOHN DOE; and TAMMY McGUIRE, Mother and Legal Guardian of the Minor Child, JAMES DOE, <br><br> Plaintiffs, <br><br> vs. <br><br> WAYNE COUNTY, TENNESSEE d/b/a WAYNE COUNTY SCHOOL SYSTEM; WANDA JOHNSTON, Individually and as the Director of Wayne County School System; RYAN KEETON, Individually and as Principal of Waynesboro Middle School; and DAVID SISK, Individually and as an Employee of the Wayne County School System, assigned to Waynesboro Middle School, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) No. _____ ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT FOR DAMAGES

### SUMMARY OF COMPLAINT

Plaintiffs are the mothers of minor children who pursue federal and state law claims for damages for student-on-student sexual harassment that have injured their children. Plaintiffs allege violations of Title IX, 42 U.S.C. § 1983, and general negligence against Wayne County, Tennessee d/b/a the Wayne County School System, its Director, the Principal, and against a coach and teacher assigned to the Waynesboro Middle School.

## PLAINTIFFS

1. Plaintiff Shawnee Mathis is an individual of the full age of majority domiciled in Wayne County, Tennessee, and is the mother and legal guardian of the minor child, John Doe.

2. Plaintiff Tammy McGuire is an individual of the full age of majority domiciled in Wayne County, Tennessee, and is the mother and legal guardian of the minor child, James Doe.

## DEFENDANTS

3. Made Defendants are the following:

A) Wayne County, Tennessee is the governmental body created under the Tennessee State Constitution responsible for providing public education for its citizens through the Wayne County School System;

B) Wanda Johnston, individually and in her capacity as the Director a/k/a Superintendent of the Wayne County School System, who may be served with process at: 419 South Main Street, Waynesboro, TN 38485;

C) Ryan Keeton, individually and in his capacity as an employee of the Wayne County School System and as Principal of Waynesboro Middle School. Mr. Keeton can be served with process at 407 South Main Street, Waynesboro, TN 38485;

D) David Sisk, individually and in his capacity as an employee of the Wayne County School System, and assigned to Waynesboro Middle School. Mr. Sisk may be served with services of process at Waynesboro Middle School, 407 South Main Street, Waynesboro, TN 38485;

## JURISDICTION

4. This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1343, which provides jurisdiction over civil rights claims and 28 U.S.C. § 1331, as this case involves issues of a federal question and is brought pursuant to 20 U.S.C. § 1682 (Title IX) and 42 U.S.C. § 1983.

## SUPPLEMENTAL JURISDICTION

5. Plaintiffs urge the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, to include Plaintiffs' state law claim brought pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.*, as the facts and circumstances of this claim is intertwined with the facts and circumstances of the Plaintiffs' federal law claims that they should be considered part of the same case and controversy.

## VENUE

6. Venue is proper in this Court as the facts giving rise to this case and damages sustained by the Plaintiffs occurred in Wayne County, Tennessee, which is part of the United States District Court for the Middle District of Tennessee, Columbia division.

## FACTUAL BACKGROUND

7. The Wayne County, Tennessee d/b/a Wayne County School System is a political subdivision of the State of Tennessee. It is responsible for providing public education for its citizens through the Wayne County School System and is considered a "person" within the scope of 42 U.S.C. 1983. The County, during all material times, received and continued to receive Federal Financial Assistance under Title IX of the Educational Amendments of 1972, 20 U.S.C. 1681(a).

8. During all material times herein, Wanda Johnston was the director of the Wayne County School System during the fall semester of 2008 and spring semester of 2009.

9. During all material times herein, Waynesboro Middle School was part of the Wayne County School System and Ryan Keeton was the principal of Waynesboro Middle School during the fall semester of 2008 and spring semester of 2009.

10. During all material times herein, David Sisk was employed by the Wayne County School system, and was assigned as a teacher and coach at the Waynesboro Middle School in the fall semester of 2008.

11. The boy's basketball team at Waynesboro Middle School was a school sponsored and sanctioned activity.

12. John Doe, born November 15, 1995, during all material times was enrolled in the seventh grade for the fall semester of 2008 at Waynesboro Middle School.

13. James Doe, born September 10, 1996, during all material times was enrolled in the seventh grade for the fall semester of 2008 at Waynesboro Middle School.

14. In the fall semester of 2008, John Doe and James Doe were members of the Waynesboro Middle School boy's basketball team comprised of students from the sixth, seventh and eighth grades.

15. In the 2008 fall semester DK, JB, CS, and CK, minor children, attended the eighth grade at Waynesboro Middle School and were members of the boy's basketball team.

16. JB, who during the fall semester of 2008 attended Waynesboro Middle School and participated as a member of the Waynesboro Middle School boys basketball

4

team. The father of JB assisted David Sisk as a non-paid volunteer with the Waynesboro Middle School boy's basketball team.

17. During the 2008 fall semester the Waynesboro Middle School boy's basketball team practiced in the gymnasium located on the Waynesboro Middle School campus. Members of the Waynesboro Middle School boy's basketball team changed into and out of their gear before and after practices and games in a locker room located across the gymnasium floor on the opposite side of the building from an office used by Coach David Sisk.

18. Whenever the Waynesboro Middle Schools boy's basketball team was in the locker room before and/or after practice or after games during the fall semester of 2008, there was no adult supervision present and the locker room door was closed.

19. On information and belief, Coach David Sisk had bragged to the eighth grade members of the Waynesboro Middle School boy's basketball team about stories of hazing incidents that occurred when Coach David Sisk played high school basketball.

20. In September 2008 in the locker room of the Waynesboro Middle School gymnasium and after the conclusion of the boys basketball practice, several eighth grade student members of the team, witnessed by other team members, held down a seventh grade student member of the team and sexually assaulted him by sodomizing him with an object.

21. Not long after the incident described in the previous paragraph, Coach David Sisk became aware of it. Coach Sisk did not report the incident and took no remedial action to prevent the incident from recurring. In addition, no disciplinary actions were taken against the perpetrators of the sexual assault.

22. On or about October 22, 2008, in the afternoon hours after conclusion of basketball practice and while there was no adult supervision within the locker room,

DK, JB, CS, and CK grabbed John Doe and held him down, removed his shorts, and sodomized him with a magic marker.

23. On or about the same time, in the locker room of the Waynesboro Middle School gymnasium after conclusion of basketball practice, DK, JB, CS, and CK engaged in other unwelcome acts to intimidate and sexually assault John Doe and/or James Doe, including a "corn hole" in which one eighth grade student member of the team would block the door shut, another eighth grade student member of the team would turn out the lights, and older student members would simulate sexual gyrating motions (humping) on John Doe and/or James Doe, and at least one other seventh grade member of the team.

24. On or about the same time, DK attempted to pull down the gym shorts of James Doe. On another occasion, the eighth grade student members of the team blindfolded James Doe, and ordered him to do a sit up. While doing this, James Doe took off this blindfold an found that JB was squatting down in front of him without his trousers and had his naked rear end in the face of James Doe.

25. On or about October 24, 2008, Coach David Sisk became aware of the sexual assault upon John Doe. He took no remedial or disciplinary action, and did not immediately report the incident.

26. On or about October 28, 2009, Plaintiff Shawnee Mathis saw and spoke with Coach David Sisk, who did not mention the sexual assault upon John Doe.

27. On or about October 29, 2008, a local Christian church pastor informed Shawnee Mathis' husband of the sexual assault that occurred on John Doe. The husband then related the incident to Shawnee Mathis.

28. On October 29 and 30, 2008, DK asked John Doe not to report the incident and to go along with the fabrication that the boys were just joking around in the locker

room. Other eighth grade team members previously threatened John Doe and other younger members of the team not to report the incidents and repeated, "what happens in the locker room stays in the locker room."

29. On October 30, 2008, Shawnee Mathis met with Principal Ryan Keeton at the Waynesboro Middle School and reported the sexual assault that occurred on her son. Principal Ryan Keeton denied knowing about the incident. After leaving the meeting with Principal Ryan Keeton, Plaintiff Shawnee Mathis received a telephone call from Coach David Sisk, who apologized for the sexual assault that had occurred on John Doe.

30. On October 31, 2008, Shawnee Mathis again returned to Waynesboro Middle School and met with Principal Ryan Keeton and Coach David Sisk to demand disciplinary action take place against the perpetrators and expressed concern for the safety of her son. Principal Ryan Keeton stated that no disciplinary action could be taken against the perpetrators without the approval of Director Wanda Johnston.

31. The same day, Plaintiff Shawnee Mathis then left Waynesboro Middle School and drove to the Wayne County School Board, and met with Director Wanda Johnston. After reporting the incident to Director Wanda Johnston, Director Wanda Johnston admitted to Plaintiff Shawnee Mathis that "everybody knows about it [the incident]."

32. On or about November 3, 2008, a mother of member of the Waynesboro Middle School boys basketball team asked Tammy McGuire during a basketball game if she had heard about any of the boys getting into trouble. Another mother of a student member described to Tammy McGuire the sexual assault incident involving John Doe. Tammy McGuire asked her son about any incidents, and he admitted that a sexual assault occurred on a student member of the team in September, and admitted that he

7

was scared to report the incident for fear of reprisal from threatening eighth grade student members of the team.

33. James Doe reported the incidents described in ¶ 23 to his mother who called and met with principal Ryan Keeton to complain about the incident. He also reported that school counselor Paula Morris had questioned him about it.

34. On or about November 6, 2008, Plaintiff Tammy McGuire went to the Wayne County School System office and described the incidents of sexual assault that occurred, and described Coach David Sisk telling the boys stories of hazing when he played high school basketball.

35. On November 7, 2008, Tammy McGuire called principal Ryan Keeton and director Wanda Johnston to again complain about the incident of sexual assault and on the ongoing harassment of her son by other members of the Waynesboro basketball team. James Doe had received several threats from other students that he keep quiet about the incidents and not to cause any further trouble.

36. On November 10, 2008, because of ongoing threats and insults from other students, Tammy McGuire withdrew her son, James Doe from Waynesboro Middle School.

37. On November 11, 2008, John Doe described to his mother, Shawnee Mathis, that he was experiencing ongoing harassment from other students.

38. On December 18, 2008, fearing her son's safety and ongoing harassment from other students, Shawnee Mathis withdrew her son John Doe from Waynesboro Middle School.

39. JB, DK, CS, and CK were given an 11-day suspension and ordered to attend alternative school at a nearby vocational class at Wayne County High School.

40. DK, JB, CS, and CK were allowed by Defendants to rejoin the Waynesboro Middle School boy's basketball team to complete the 2008-2009 season.

41. John Doe and James Doe did not enroll in Waynesboro Middle School for the 2009 spring semester and sought alternative education.

## CAUSE OF ACTION

### Count 1: Title IX, 20 U.S.C. § 1681

42. Plaintiffs reiterate paragraphs 1 – 41 as if fully restated.

43. The Wayne County School System receives federal funding under Title IX of the Educational Amendments of 1972, 10 U.S.C. 1681(a).

44. Section 901(a) of Title IX provides:

"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

45. John Doe and James Doe were victims of repeated student-on-student sexual assault and harassment, and is considered to be discrimination prohibited by 20 U.S.C. § 1681. See *Davis v. Monroe County Board of Education*, 526 U.S. 629, 119 S. Ct. 1661, 143 L.Ed.2d 839 (1999).

46. The sexual harassment suffered by John Doe and James Doe was severe, pervasive and objectively offensive.

47. The sexual harassment suffered by John Doe and James Doe created a hostile environment at Waynesboro Middle School.

48. The student-on-student sexual harassment constituted discrimination based on sex.

49. The student-on-student sexual harassment deprived John Doe and James Doe of the educational opportunities provided by Waynesboro Middle School, and in fact they were forced to withdraw from the school for their personal safety.

50. The Wayne County School System, through its Director, Wanda Johnston, through Principal Ryan Keeton, and its employee David Sisk, had constructive and actual knowledge of the ongoing pattern of sexual harassment suffered by John Doe and James Doe.

51. Director Wanda Johnston and Principal Ryan Keeton had the authority and capacity to investigate and discipline the students perpetrating the student-on student sexual harassment.

52. Director Wanda Johnston and Principal Ryan Keeton had the authority and capacity to institute corrective measures to prevent and stop the student-on-student harassment.

53. The Wayne County School System was deliberately indifferent to the ongoing sexual harassment suffered by John Doe and James Doe. The Wayne County School System's response to the harassment was unreasonable for reasons that include, but are not limited to, the following:

- A) The Wayne County School System and/or Waynesboro Middle School had no written policy or rules regarding and prohibiting student hazing and/or student-on-student sexual harassment as required by T.C.A. § 49-2-120;

- B) The Wayne County School System and/or Waynesboro Middle School had no policy and/or training for its employees and faculty members in directing how to handle student hazing and/or student-on-student sexual harassment;

C) Coach David Sisk implicitly encouraged the student-on-student harassment that harmed John Doe and James Doe by describing in favorable terms his high school hazing stories to highly impressionable members of the Waynesboro Middle School boys basketball team;

D) When Coach David Sisk learned of the incident involving a seventh grade member of the boys basketball team in September 2008, he took no remedial or disciplinary action, and the incident was not immediately reported. This acted as condonation and implicit encouragement by Coach David Sisk to continue and escalate the sexual assaults;

E) When Coach David Sisk learned of the incident involving John Doe, he also took no remedial or disciplinary action, and he did not immediately report the incident to either Wayne County School System administrators or the Wayne County law enforcement. The failure to act provided additional implicit approval and further encouragement to the perpetrators of such acts;

F) When Director Wanda Johnston and Principal Ryan Keeton learned of the incident involving John Doe, they did not order an immediate investigation, and took no immediate disciplinary action against the perpetrators, and took no remedial action to prevent further incidents of harassment from occurring or to prevent John Doe and James Doe from receiving reprisals from other students. This failure to act also provided additional implicit approval and further encouragement to the perpetrators' such acts.

G) Because of the lack of disciplinary action and absence of remedial action, Shawnee Mathis and Tammy McGuire feared for the safety of their sons,

and withdrew their sons from Waynesboro Middle School before the fall 2008 semester and, in fact, sought alternative schooling for their sons for the spring semester of 2009.

54. As a result of the deliberate indifference of the Wayne County School System, Shawnee Mathis, as the mother and legal guardian of the minor child John Doe, and Tammy McGuire, as the mother and legal guardian of the minor child James Doe, were damaged. These damages include, but are not limited to, the following:

   A) Constructive denial of education and educational opportunities to John Doe and James Doe offered by the Wayne County School System;

   B) Costs and expenses of seeking alternative education for their sons;

   C) General damages for physical pain, suffering, mental anguish and anxiety, public humiliation and embarrassment, resulting from officially condoned sexual harassment of their sons; and

   D) Cost of past and future counseling and medical services for their sons.

### Count 2: 42 U.S.C. § 1983

55. Plaintiff reiterates paragraphs 1 – 41 as if fully set forth herein.

56. 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

57. Under 42 U.S.C. § 1983, one whose guaranteed federal rights are violated may assert legal actions against individuals acting under color of law for violation of those rights..

58. 20 U.S.C. § 1681(a) Title IX prohibits all forms of sex discrimination, including student-on-student sexual harassment, in schools that receive federal funds.

59. The prohibition of 20 U.S.C. § 1681(a) Title IX applies to the defendants pursuant to the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

60. The United States Supreme Court in *Fitzgerald v. Barnstable School Committee,* 129 S. Ct. 788, 797 (2009), held that "Section 1983 suits based on the Equal Protection Clause remain available to plaintiffs alleging unconstitutional gender discrimination in schools" and are not precluded by Title IX.

61. During all material times, John Doe and James Doe had the legal right under 20 U.S.C. § 1681(a) and protected by the equal protection and due process clauses of the Fourteenth Amendment to be free from student-on-student sexual harassment.

62. Pursuant to due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, the prohibition against sex discrimination under 10 U.S.C. § 168(a) applies to the Wayne County School System, its Director Wanda Johnston, Principal Ryan Keeton and Coach David Sisk

63. The actions and/or non-actions of Director Wanda Johnston, Principal Ryan Keeton and David Sisk deprived Shawnee Mathis, as the mother and legal guardian of the minor child John Doe, and to Tammy McGuire, as the mother and legal guardian of the minor child James Doe, the right of their children to be free from discrimination by student-on-student sexual harassment.

64. The student-on-student sexual harassment suffered by John Doe and James Doe were the result of a pattern, practice and custom of the Wayne County, Tennessee, that include, but are not limited to, the following:

A) The Wayne County School System and/or Waynesboro Middle School had no written policy or rules regarding and prohibiting student hazing and/or student-on-student sexual harassment as required by T.C.A. § 49-2-120;

B) The Wayne County School System and/or Waynesboro Middle School had written policy and/or training for its employees and faculty members in directing how to handle student hazing and/or student-on-student sexual harassment;

C) Coach David Sisk implicitly encouraged the student-on-student harassment that harmed John Doe and James Doe by describing in favorable terms his high school hazing stories involving sexual harassment to highly impressionable and immature members of the Waynesboro Middle School boys basketball team;

D) When Coach David Sisk learned of the incident involving a seventh grade member of the boys basketball team in September 2008, he took no remedial or disciplinary action, and the incident was not immediately reported. This acted as implicit encouragement to continue and escalate the sexual assaults.

E) When Coach David Sisk learned of the incident involving John Doe, he took no remedial or disciplinary action, and he did not immediately report the incident to either Wayne County School System administrators or the Wayne County law enforcement;

F) When Director Wanda Johnston and Principal Ryan Keeton learned of the incident involving John Doe, they failed to initiate an immediate investigation, and took no immediate disciplinary action against the

perpetrators, and took no remedial action to prevent further incidents of harassment from occurring or to protect John Doe and James Doe from further student reprisals.

G) Because of the lack of disciplinary action and absence of remedial action, Shawnee Mathis and Tammy McGuire feared for the safety of their sons, and withdrew their sons from Waynesboro Middle School before the fall 2008 semester and, in fact, sought alternative schooling for their sons for the spring semester of 2009.

65. Wayne County, Tennessee is liable for depriving the education opportunities of Plaintiffs' minor sons, under color of law by virtue of a pattern, practice or custom by final decision makers such as Defendants' implicit encouragement and or condoning student-on-student sexual harassment and for the lack of written policy or protocol mandated boy T.C.A. § 49-2-1201 which were the affirmative and/or motivating forces behind the misconduct complained about.

66. Wanda Johnston, individually, and acting in her capacity as the Director of the Wayne County School System, Ryan Keeton, individually, and acting in his capacity as the Principal of Waynesboro Middle School, and David Sisk, individually, and acting in his capacity as an employee of the Wayne County School System assigned to Waynesboro Middle School and as the coach of the Waynesboro Middle School boys basketball team had actual and/or constructive knowledge of the student-on-student harassment suffered by John Doe and James Doe.

67. Director Wanda Johnston and Principal Ryan Keeton's failure and/or refusal to act at least implicitly authorized and at most approved or knowingly acquiesced in the student-on-student harassment; and further constituted deliberate

indifference under color of law to Plaintiffs' requests to be free from discrimination in educational opportunities guaranteed under Title IX.

68. Director Wanda Johnston, Principal Ryan Keeton, and Coach David Sisk's deliberate indifference deprived John Doe and James Doe the right to be free of discrimination guaranteed by under the Equal Protection and Due Process Clauses and of Fourteenth Amendment of the United States Constitution and deprived them of their civil rights under color of law.

69. As a result of the student-on-student sexual harassment suffered by John Doe and James Doe, they have been damaged. These damages include, but are not limited to the following:

- A) Constructive denial of education and educational opportunities to John Doe and James Doe offered by the Wayne County School System;
- B) Costs and expenses of seeking alternative education for their sons;
- C) General damages for physical pain, suffering, mental anguish and anxiety, public humiliation and embarrassment resulting from officially condoned sexual harassment; and
- D) Cost of past and future counseling and medical services for their sons.

**Count 3: Alternate State Law Causes of Action – General Negligence**

70. Plaintiffs reiterate paragraphs 1 – 41 as if fully set forth herein, and hereby plead in the alternative.

71. During all material times, David Sisk was employed by and in the court and scope of his employment with the an employee of the Wayne County School System assigned as a teacher at Waynesboro Middle School where he also served as the Waynesboro Middle School boys' basketball coach.

72. The acts of student-on-student harassment and sexual assault which harmed John Doe and James Doe were a proximate result of the negligence of David Sisk, whose acts of negligence include, but are not limited to, the following:

A) He implicitly encouraged the eighth grade student members of the basketball team to engage in student hazing involving sexual harassment by boasting about his experiences on the high school basketball team;

B) He negligently failed to provide adult supervision in the boys locker room before or after practices, and often times left the gymnasium at the conclusion of practice leaving the boys of the basketball team to be unsupervised on school property;

C) When he learned of the September 2008 incident, he negligently failed to take any disciplinary or remedial action to ensure that no other incidences of student-on-student harassment and/or sexual assault would occur;

D) He negligently failed to report the September 2008 incident as is required by state law;

E) When he learned of the incident involving John Doe, he negligently failed to report it as is required by law;

F) When he learned of the incident involving John Doe, he negligently failed to take any remedial or disciplinary action, which implicitly encouraged the eighth grade student members of the team to continue to engage in student-on-student harassment and sexual assaults.

73. During all material times, David Sisk was employed by and in the course and scope of his employment with the Wayne County School System, and as such, Wayne County is liable for damages arising out of his negligence as provided by the Tennessee Tort Liability Act, T.C.A. § 27-20-205.

17
Case 1:09-cv-00034   Document 1   Filed 07/14/09   Page 17 of 19 PageID #: 17

74. As a result of the student-on-student sexual harassment perpetrated by DK, JB, and CK, minor Plaintiffs John Doe and James Doe have been damaged. These damages include, but are not limited to the following:

A) Constructive denial of education and educational opportunities to John Doe and James Doe offered by the Wayne County School System;

B) Costs and expenses of seeking alternative education for their sons;

C) General damages for physical pain, suffering, mental anguish and anxiety, public humiliation and embarrassment, resulting from officially condoned sexual harassment; and

D) Cost of past and future counseling and medical services for their sons.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs pray for relief as follows:

1) Plaintiff Shawnee Mathis, as the mother and legal guardian of John Doe, seeks specific and general damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

2) Plaintiff Tammy McGuire, as the mother and legal guardian of James Doe, seeks specific and general damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

3) Because the conduct of Defendants Wanda Johnston, Ryan Keeton and David Sisk was willful, wanton and in reckless disregard, Plaintiff Shawnee Mathis, as the mother and legal guardian of John Doe, is entitled to punitive damages in the amount of One Million Dollars ($1,000,000.00).

4) Because the conduct of Defendants Wanda Johnston, Ryan Keeton and David Sisk was willful, wanton and in reckless disregard, Plaintiff Tammy McGuire,

as the mother and legal guardian of James Doe, is entitled to punitive damages in the amount of One Million Dollars ($1,000,000.00).

5) Plaintiffs seek recovery of reasonable attorney fees and litigation related costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

6) Plaintiffs pray for damages for negligence against Defendant Wayne County in an amount provided by the Tennessee Governmental Tort Liability Act.

7) Plaintiffs seek a trial by jury on all issues.

8) Plaintiffs seek other general and equitable relief as is necessary and proper including recovery of costs.

WHEREFORE, Plaintiffs pray that after all proceedings are had, that there be judgment rendered herein in favor of Plaintiff Shawnee Mathis, mother and legal guardian of John Doe, and for Tammy McGuire, mother and legal guardian of James Doe, and against Wayne County, Tennessee d/b/a the Wayne County School System; Wanda Johnston, Director of the Wayne County School System; Ryan Keeton, Principal of Waynesboro Middle School; David Sisk, employee of Wayne County School System, in the full and true amount of Three Million Dollars ($3,000,000.00), together with reasonable attorney fees, trial by jury and all other equitable relief.

Respectfully Submitted,

LAW OFFICES OF DAVID RANDOLPH SMITH
& EDMUND J. SCHMIDT III

By: _____
David Randolph Smith, TN Bar # 011905
Edmund J. Schmidt III, TN Bar #021313
1913 21st Avenue South
Nashville, Tennessee 37212
Phone: (615) 742-1775
Fax: (615) 742-1223
Web: http://www.drslawfirm.com
e-mail: drs@drslawfirm.com
e-mail: eschmidt@drslawfirm.com