IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SHAWNEE MATHIS, *et al.* ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:09-0034 |
| ) | Judge Trauger |
| WAYNE COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
|     **Defendant** ) | |
| ) | |

# ORDER

The Joint Pretrial Order states that the parties dispute whether the plaintiffs may recover punitive damages under Title IX. (Docket No. 121 at 2.) The parties fail to support their positions with case law.

**Punitive damages are not recoverable under Title IX, and, therefore, are not available in this case.** *See Barnes v. Gorman*, 536 U.S. 181, 185-89 (2002)(finding that "punitive damages may not be awarded in private suits brought under Title VI," noting that "the Court has interpreted Title IX consistently with Title VI," and finding that Title IX is "contractual" in "nature," and "punitive damages . . . are generally not available for breach of contract."); *Mercer v. Duke Univ.*, 401 F.3d 199, 202 (4th Cir. 2005)(vacating punitive damages award under Title IX in light of *Barnes*); *Dawn L. v. Greater Johnstown Sch. Dist*, 586 F. Supp.2d 332, 383 (W.D. Pa. 2008)(holding in student-on-student sexual harassment case that, under *Barnes*, punitive damages are not recoverable under Title IX); *Elizabeth S. v. Oklahoma City Pub. Schs.*, 2008 WL 4147572, *6 (W.D. Okla. Sept. 3, 2008)(same and collecting cases);

*Jones v. Beverly Hills Unified Sch. Dist*, 2010 WL 1222016, *6 (C.D. Cal. Mar. 24, 2010)(same); *Cain v. MDOC*, 2008 WL 8224197, *21 (W.D. Mich. Mar. 31, 2008)(recognizing that the holding in *Barnes* precludes punitive damages recovery in a Title IX case); *Hart v. Paint Valley Local Sch. Dist*, 2002 WL 31951264, *16 (S.D. Ohio Nov. 15, 2002)(same).

It is so Ordered.

Enter this 2nd day of June 2011.

ALETA A. TRAUGER
United States District Judge