IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

SHAWNEE MATHIS, Mother and )
Legal Guardian of the Minor Child )
JOHN DOE; and )
TAMMY McGUIRE, Mother and Legal )
Guardian of the Minor Child, )
JAMES DOE, ) No.  1:09-cv-0034
 )
    Plaintiffs, ) JURY DEMAND
 )
vs. ) JUDGE TRAUGER
 )
WAYNE COUNTY BOARD OF EDUCATION; ) MAGISTRATE GRIFFIN
 )
    Defendants. )

## JOINT PRETRIAL ORDER

Pursuant to this Court's Scheduling Order, a final pretrial conference was held with counsel for all parties on Friday, June 3, 2011 at 1:30 p.m.  Present were: Edmund J. Schmidt III and Ann Johnson, attorneys for plaintiffs Shawnee Mathis and Tammy McGuire; and John Schwalb, attorney for all defendants.

### A. Pleadings

The pleadings are amended to conform to the pretrial order and the pretrial orders supplants the pleadings.

### B. Jurisdiction

The jurisdictional basis for this action is a federal question under 28 U.S.C. § 1331.

### C. Parties' Theories

    **1)**    **Plaintiffs' Theories**

Plaintiffs are the mothers of two middle public school, seventh grade children who seek compensation for violations of federal law, Title IX.  Their children were subjected to student-on-student sexual harassment that was so severe, pervasive and offensive to a reasonable person that it deprived their sons of access to educational

opportunities, to which the defendants had actual knowledge and acted with deliberate indifference. In addition to general compensation, plaintiffs seek punitive damages as defendants conduct constituted malice and/or reckless indifference.

**2)    Defendant Theories**

Defendant denies that it had actual knowledge of any alleged student on student sexual harassment until one of the Plaintiff's mother told Ryan Keeton at which time an investigation occurred and appropriate steps were taken to remedy and address the conduct. It denies that it acted with deliberate indifference or that its conduct amounted to deliberate indifference or that the Plaintiffs are entitled to any recovery.

### D. Contested Issues of Law

1)    Those elements required for the plaintiff to prove a Title IX claim.

2)    Plaintiffs seek punitive or exemplary damages. It is Defendant's position that punitive damages are not available against a governmental entity, here the funding recipient, under Title IX or any theory that was asserted by Plaintiffs.

### E. Evidentiary Disputes

Plaintiffs have filed four (4) motions in limine which seek to exclude evidence, testimony and argument of counsel on the following:

1)    Department of Children's Services investigative finding of no child abuse;

2)    Criminal proceedings of the four juveniles involved in the "marker" incident with John Doe;

3)    Tennessee Department of Education's investigative finding of no Title IX violation upon its conclusion that there was no deliberate indifference; and

4)    Dismissal of the criminal charges against David Sisk for failure to comply with T.C.A. 37-1-403.

5) Plaintiffs and defendants disagree on designated portions of the Rule 30(b)(6) deposition to be used.

Defendant has filed three (3) motions in limine which seek to exclude evidence, testimony on the following:

1) David Sisk was charged with a violation of state law regarding reporting of alleged sexual abuse.

Plaintiffs agree to this motion.

2) Deliberate indifference and 3) what constitutes "best practices"

Plaintiff agrees that none of the plaintiffs' expert witnesses should be allowed to use the phrase "best practices" in describing the action or inaction on behalf of the defendants. However, Plaintiffs experts should be allowed to testify and give opinion testimony with regard to the conduct, practices and policies of the defendants from which the jury can reasonably conclude that the defendants' conduct constituted deliberate indifference.

Plaintiffs and defendants have designated certain portions of a Rule 30(b)(6) deposition of the defendant. Plaintiffs have some objections regarding the designations of the defendants with regarding training and education of both the school system staff and students regarding bullying practices on the basis that that type of testimony is irrelevant in view of the court's dismissal of the plaintiffs' § 1983 claim.

The trial of this case is scheduled to commence on Tuesday, June 7, 2011, before a jury and is expected to last five (5) days.

                                                        _____
                                                        ALETA A. TRAUGER
                                                        United States District Judge

APPROVED FOR ENTRY:

LAW OFFICE OF EDDIE SCHMIDT

By:     s/Edmund J. Schmidt III
        Edmund J. Schmidt III, TN BPR No. 021313
        1720 West End Avenue, Suite 300
        Nashville, Tennessee 37203
        Phone: (615) 425-7121
        Fax: (615) 425-7110
        eddie@eschmidtlaw.com


By:     s/Ann Johnston (w/permission by EJS)
        Ann Johnson
        5000 Caroline
        Houston, TX 77004
        Phone: (713) 523-5000
        Fax: (713) 523-8307
        ann@jlftx.com


*Attorneys for Plaintiffs*


WILLIAMS & SCHWALB, PLLC

By:     s/John D. Schwalb (w/permission by EJS)
        John D. Schwalb, TN BPR No. 011671
        108 Fourth Avenue South, Suite 207
        Franklin, TN 37064
        P 615) 794-7100
        F (615) 794-6333
        john_schwalb@msn.com

*Attorneys for Defendants*