**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| SHAWNEE MATHIS, mother and legal guardian ) <br> of the minor child, John Doe, and ) <br> TAMMY MCGUIRE, mother and legal guardian ) <br> of the minor child, James Doe, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WAYNE COUNTY BOARD OF EDUCATION, ) <br> ) <br>     Defendant. ) | Civil No. 1:09-0034 <br> Judge Trauger |

# JURY INSTRUCTIONS

1

# GENERAL INTRODUCTION–PROVINCE OF THE COURT AND JURY

<u>Members of the Jury:</u>

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

The lawyers may have referred to some of the governing rules of law in their arguments. If, however, there is any difference between the law as stated by the lawyers and that stated in these instructions, you are, of course, to follow these instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

Case 1:09-cv-00034   Document 137   Filed 06/09/11   Page 2 of 34 PageID #: 1098

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# **DEPOSITION TESTIMONY**

Certain testimony has been read into evidence from a deposition.  A deposition is testimony taken under oath before the trial and preserved in writing.  You are to consider that testimony as if it had been given in court.

# EVIDENCE EXCLUDED

Evidence does not include several things that you have heard in the courtroom.

Evidence does not include any statement of the attorneys during the trial, including their closing arguments. You must decide for yourself whether you believe the facts show what the attorneys have argued they show.

Evidence does not include answers, statements, or comments made by the attorneys that I ordered stricken. You are to treat anything that I ordered stricken as if you had never heard it.

Finally, evidence does not include any objections raised by the attorneys. You must not speculate why I sustained or overruled any objection, nor are you permitted to guess what the answer might have been to any question I did not allow. You may not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

# CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony. Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake. Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.  Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?  Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.  And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

6

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

# DISCREPANCIES IN TESTIMONY

Discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness should be discredited. Failure of recollection is a common experience, and innocent mistakes recalling certain facts are not uncommon. Two persons witnessing the same incident or transaction often will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.

# IMPEACHMENT–INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust that witness's testimony in other particulars, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Case 1:09-cv-00034   Document 137   Filed 06/09/11   Page 9 of 34 PageID #: 1105

# EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert and may also state their reasons for their opinions.

You should consider the expert opinion received in evidence in this case and give it such weight as you think it deserves. If you should decide that the opinion of the expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

9a

## ORDINARY OBSERVATIONS AND EXPERIENCES

In reaching your verdict, you are to consider only the evidence in this case. However, you are not required to set aside your common sense, and you have the right to weigh the evidence in the light of your own observations and experiences.

Case 1:09-cv-00034   Document 137   Filed 06/09/11   Page 11 of 34 PageID #: 1107

## EQUAL TREATMENT OF GOVERNMENTAL ENTITIES

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A governmental entity is entitled to the same fair trial at your hands as a private individual such as plaintiff. All persons, including the defendant in this case, stand equal before the law, and are to be dealt with as equals in a court of justice.

A governmental entity can act only through its officers, its employees, or other agents. Any act or omission of an officer, an employee, or other agent of such governmental entity in the performance of his or her duties, is held in the law to be the act or omission of the governmental entity.

# BURDEN OF PROOF

The plaintiffs have the burden to prove the elements of their claim by a preponderance of the evidence. To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind and belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

12

## **STATUTES–TITLE IX**

Title IX of the Education Amendments Act of 1972 provides:

"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance."

# ELEMENTS OF PLAINTIFFS' CLAIM

To prevail on a claim for sexual harassment under Title IX, the plaintiffs must establish each of the following elements by a preponderance of the evidence:

1.      they were subjected to sexual harassment that was severe, pervasive, and objectively offensive;

2.      the sexual harassment deprived the plaintiffs of access to the educational opportunities or benefits provided by the school;

3.      the Defendant had actual knowledge of the sexual harassment; and

4.      once the Defendant had actual knowledge, that it acted with deliberate indifference to the harassment.

# ACTUAL KNOWLEDGE

An educational institution has "actual notice" sometimes called "actual knowledge" of discrimination, if an appropriate person at the institution has knowledge of facts sufficiently indicating substantial danger to a student so that the institution can reasonably be said to be aware of the danger.

## **APPROPRIATE PERSON**

An "appropriate person" is a school official with the power to take action to correct the discrimination. A school principal who is entrusted with the responsibility and authority normally associated with that position will ordinarily be an "appropriate person." Other school officials may be "appropriate persons," depending on their power to take corrective action to address the discrimination and institute corrective measures.

# DELIBERATE INDIFFERENCE

"Deliberate indifference" means that the defendants' response to the alleged harassment, or lack of response, was clearly unreasonable in light of the known circumstances.

But victims do not have a right to particular remedial demands, and school administrators are allowed a certain level of flexibility and discretion in dealing with the discipline of students.

# **FAILURE TO ADOPT POLICIES**

Failure to comply with regulations or laws governing sexual harassment that require adoption of certain policies does not amount to deliberate indifference necessary to establish a Title IX claim.

# NEGLIGENCE NOT SUFFICIENT TO ESTABLISH CLAIM

Negligence on the part of the Defendant is insufficient for a finding of liability. The Defendant is only liable if the plaintiffs have proved the elements of their claim as set forth on page 14 of these instructions.

Case 1:09-cv-00034   Document 137   Filed 06/09/11   Page 20 of 34 PageID #: 1116

# **REASONABLE PERSON**

In determining whether the harassment was sufficiently severe, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

# COMPENSATORY DAMAGES

If you find defendant Wayne County Board of Education discriminated against Matt Lineberry or Dillon Burton based upon their sex, then you must determine an amount that is fair compensation for their damages. You may award compensatory damages only for injuries that Matt Lineberry or Dillon Burton prove were caused by the defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation - no more and no less.

You may award damages for any pain, suffering, or mental anguish that Matt Lineberry or Dillon Burton experienced as a consequence of the defendant's allegedly unlawful acts. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guess work. On the other hand, the law does not require that Matt Lineberry or Dillon Burton prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## NOMINAL DAMAGES

If you find in favor of Matt Lineberry or Dillon Burton, but you find that their damages have no monetary value, then you must return a verdict for Matt Lineberry or Dillon Burton in the nominal amount of One Dollar ($1.00).

## MULTIPLE PLAINTIFFS

In this case there are claims made by both Plaintiffs. You must give separate consideration to each claim and each party in this case. Although there are two plaintiffs, it does not follow that if one is successful, the other will be as well.

# **ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE**

The court has given you instructions embodying various rules of law to help guide you to a just and lawful verdict.  Whether some of these instructions will apply will depend upon what you find to be the facts.  That I have instructed you on various subjects in this case including that of damages must not be taken as indicating an opinion of the court on what you should find the facts to be or on which party is entitled to your verdict.

24

## <u>HOW JURORS SHOULD APPROACH THEIR TASK</u>

The attitude and conduct of jurors at the beginning of their deliberations are very important.  It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his opinion on the case or to announce a determination to stand for a certain verdict.  When a juror does that, his sense of pride may be aroused and he may hesitate to recede from an announced position if shown that it is wrong.  Remember that you are not partisans or advocates in this matter, but judges.

## SYMPATHY AND PREJUDICE

Sympathy or prejudice must not enter into your deliberation as jurors, no matter what your sympathy or prejudice may lead you to think. Sympathy or prejudice has no place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be. Do not permit any such emotional considerations to enter into your deliberations at all. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as the court gives it to you.

# USE OF JUROR NOTES

Some of you may have taken notes during the trial. Once you retire to the jury room you may refer to your notes, but only to refresh your own memory. Your notes are not evidence. You may not read from your notes to your fellow jurors or otherwise inform them of what you have written. The notes may contain errors or they may be misunderstood or taken out of context. The notes may only pertain to part of the testimony and may not be an exact account of what was said by a witness. You are free to discuss the testimony of the witnesses with your fellow jurors but each juror must rely on his or her own memory as to what a witness did or did not say.

Case 1:09-cv-00034   Document 137   Filed 06/09/11   Page 28 of 34 PageID #: 1124

# ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

Forms of verdict have been prepared for your convenience.

[Forms of verdict read.]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have the foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## VERDICT FORMS–JURY'S RESPONSIBILITY

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

29

# VERDICT -- UNANIMOUS -- DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is in error.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

30

## **CHANCE OR QUOTIENT VERDICT PROHIBITED**

The law forbids you to determine any issue in this case by chance. Thus, if you decide that a party is entitled to recover, you must not arrive at the amount of damages to be awarded by agreeing in advance to take each juror's independent estimate of the amount to be awarded, to total those amounts, to divide the total by the number of jurors and to make that resulting average the amount you award.

## THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON ___ OR COMMUNICATE ABOUT A CASE

**At the Close of the Case**:

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should even attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person–not even to the court–how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Case 1:09-cv-00034   Document 137   Filed 06/09/11   Page 34 of 34 PageID #: 1130